IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

In the matter of the Tax Indebtedness of
LEONCIO AMADOR aka LEONCIO AMADOR-VILLANUEVA
and KELLIE AMADOR aka KELLIE STUBBS                              DEFENDANTS

Case No. 2:14-MC-00039

## ORDER APPROVING LEVY ON PRINCIPAL RESIDENCE

Before the Court is the United States' petition for judicial approval of levy on principal residence. (Doc. 1). The United States seeks an order approving an administrative levy by the Internal Revenue Service ("IRS") on the principal residence of Leoncio Amador and Kellie Amador for unpaid federal tax liabilities for tax years 2007 and 2008. In support of its petition, the United States submitted two declarations of Revenue Officer William C. Simpson, as well as IRS Forms 4340 for the Amadors for tax years 2007 and 2008. The Amadors responded to the petition (Doc. 10) and generally challenged the underlying tax assessments and the sufficiency of the petition and declaration in support. The Government filed a reply (Doc. 12) with leave of Court. Having considered the record, the Court finds that the petition should be GRANTED.

Through Officer Simpson's declarations and the attached IRS forms, the United States has demonstrated that (1) the Amadors' tax liabilities have not been satisfied; (2) the requirements of any applicable law or administrative procedure relevant to the levy have been met; and (3) no reasonable alternative for the collection of the Amadors' unpaid tax liabilities exists, all as required to establish a prima facie case supporting a levy on a principal residence. 26 C.F.R. § 301.6334-1(d)(1). In accordance with federal regulations, after the petition was filed, the Court issued an order to the Amadors to show cause as to why their principal residence should not be levied. (Doc. 2).

The Amadors filed a response to the petition and the order to show cause on November 10, 2014. A taxpayer challenging a petition to levy on a principal residence must be "granted a hearing to rebut the Government's prima facie case if the taxpayer files an objection within the time period required by the court *raising a genuine issue of material fact demonstrating that the underlying tax liability has been satisfied, that the taxpayer has other assets from which the liability can be satisfied, or that the Service did not follow the applicable laws and procedures pertaining to the levy.*" 26 C.F.R. § 301.6334-1(d)(2). In their response, the Amadors did not raise any issue of fact as to whether the underlying tax liability had been satisfied[1] or offer any other assets from which the liability could be satisfied. The only assertions that could be construed as challenging whether the IRS followed applicable laws or procedure are the assertions that (1) they did not receive notice of how the assessments were tabulated and that such documentation was not attached in support of the petition; (2) that the declaration in support of the petition was not properly verified; and (3) that neither the Amadors nor their agents had received requested transcripts of documents filed with the IRS. (Doc. 10, ¶¶ 14-16). None of these challenges raises a genuine issue of material fact that would warrant a hearing.

The Amadors' challenge that they did not receive proper notice is belied by the 4340 forms attached to the United States' reply. Both forms show that the Amadors were given numerous notices of balances due and intent to levy. Furthermore, whether the underlying assessment was properly calculated and whether the Amadors received particular transcripts from the IRS is not relevant to this proceeding, and this is not the proper forum to challenge those issues. 26 C.F.R. § 301.6334-1(d)(2) (prohibiting taxpayers from challenging the merits of the underlying tax liability

---

[1] The Amadors in fact "admit that they have not paid the assessment" described in the petition based on their argument that it is "improper." (Doc. 10, ¶ 6).

in a proceeding for approval of a levy on a principal residence).  Finally, Officer Simpson's declarations, both in support of the original petition and in support of the reply, were properly verified as they were signed and dated under penalty of perjury. 28 U.S.C. § 1746.  Because the Amadors' response to the petition and the order to show cause did not raise a genuine issue of material fact as to any relevant issue, no hearing is necessary.  Based on a review of the record, the Court finds that the United States' petition for approval of a levy on the Amadors' residence should be granted.

IT IS THEREFORE ORDERED that the United States' petition for judicial approval of levy on the Amadors' principal residence is GRANTED, and the Court approves the IRS's levy on the property at 523 Sharp Chapel Road, Alma, AR 72921, as more particularly described in the petition (Doc. 1, p. 2), to satisfy all or part of the Amadors' unpaid federal income tax liabilities for tax years 2007 and 2008.

IT IS SO ORDERED this 7th day of July, 2015.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE